**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1069**

———————

RICHARD STOGSDILL; NANCY STOGSDILL, Parent of Richard Stogsdill, on behalf of themselves and other similarly situated persons,

Plaintiffs - Appellants,

and

ROBERT LEVIN; MARY SELF, Parent of Robert Levin, on behalf of themselves and other similarly situated persons,

Plaintiffs,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant - Appellee,

and

KATHLEEN SEBELIUS; CYNTHIA MANN; JOHN DOES 1-20; CMS; ANTHONY KECK,

Defendants.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:12−cv−00007−JFA)

———————

Submitted:  February 22, 2023                                    Decided:  June 6, 2023

———————

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patricia Logan Harrison, Cleveland, South Carolina, for Appellants. Damon C. Wlodarczyk, RILEY, POPE & LANEY, LLC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2012, Richard Stogsdill, Robert Levin and their parent caregivers sued the South Carolina Department of Health and Human Services and related individual defendants (collectively, the "SCDHHS") in the District of South Carolina seeking declaratory and injunctive relief. On multiple grounds, they challenged South Carolina's Medicaid waiver program, established under 42 U.S.C. § 1396n(c), which provides home and community-based services to certain individuals with severe disabilities and allows individuals to avoid institutionalization. Stogsdill and Levin, two severely disabled individuals, receive such medical equipment and services. Following a bench trial and extensive motions practice, the district court entered judgment granting the plaintiffs' request for declaratory relief as to a determination about the provision of a single piece of medical equipment, a water walker, and denied all other requested relief. Stogsdill, Levin and their parent caregivers appealed. Considering the entire record and applicable law, we affirm.

In 2010, the SCDHHS implemented amendments to the waiver program that capped certain community-based services and eliminated others. As a result, Stogsdill and Levin experienced a reduction in the services they received. Stogsdill moved for the reconsideration of the reduction of services provided to him and, after the denial of that motion, appealed administratively and to the South Carolina Court of Appeals. Levin did not request such reconsideration.

Stogsdill, Levin and their parent caregivers also brought this action in federal court with a lengthy list of claims against the SCDHHS for alleged violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983,

3

the Medicaid Act, the Administrative and Procedures Act of the State of South Carolina and the Supremacy and Due Process Clauses of the United States Constitution. In the following years, the parties have engaged in significant motions practice and the district court has conducted several bench trials. The court issued multiple orders that have narrowed the issues, claims, and parties in the case. And we have considered two prior appeals of the district court's decisions.

The last time the case was before us, in March 2019, we affirmed the careful and thoughtful judgments of the district court in nearly all respects but remanded Stogsdill's claims against the state defendants which the district court declined to consider based on abstention principles in light of parallel proceedings taking place in state court. *Stogsdill v. Azar*, 765 F. App'x 873, 877 (4th Cir. 2019).

After we remanded on that limited issue, the district court considered the remaining claims. It dismissed most of those claims based on a combination of preclusion, the outcome of state court litigation and a consent order. But as to the remaining claims, it conducted another bench trial. Following the trial, the district court denied all requested relief except for Stogsdill's request for declaratory relief as to the reasonable promptness provision of the Medicaid Act set forth at 42 U.S.C. § 1396a(a)(8) with respect to Stogsdill's specific request for a water walker, which it granted.

The district court also determined that the SCDHHS provided notice and an opportunity for a fair hearing with respect to the requested medical equipment in accordance with 42 U.S.C. § 1396a(a)(3) and the regulations. In sum, other than as to the provision of the water walker, the district court concluded that Stogsdill, Levin and their

4

parent caregivers failed to carry their burden of proof showing entitlement to any relief as to any remaining claims. The district court also denied their motion to alter or amend the judgment. Stogsdill, Levin and their parent caregivers appealed that order as well as any other appealable orders below. JA8559; JA8570.

On appeal, Stogsdill, Levin and their parent caregivers argue that the SCDHHS violated the integration mandate of the ADA and the Rehabilitation Act by failing to make reasonable modifications in the State's programs, and that the district court erred in its rulings concerning these provisions. They also argue that the SCDHHS violated their constitutional and statutory rights under 42 U.S.C. § 1983, including rights guaranteed under the Constitution of the United States and the Medicaid Act, particularly the reasonable promptness mandates at 42 U.S.C. § 1396a(a)(3) and 42 U.S.C. § 1396a(a)(8) and the requirements of 42 U.S.C. § 1396n(c)(2) to assure the financial accountability.

But in their opening brief, Stogsdill, Levin and their parent caregivers advance only conclusory arguments and fail to dispute the district court's reasoning or to articulate any meritorious basis for reversal of the court's judgment. This constitutes waiver under our precedent. *See Grayson O. Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue.") (cleaned up); *see also Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 256–57 (4th Cir. 2022) (finding appellants' argument waived where they "presented no basis for reversing the judgment below."). And to the extent not waived, upon review of the record, we affirm the district court and find no reversible error.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*